IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO.  3:16-CR-0119-N |
| FELIX CANTU (1)<br>GILBERTO GOMEZ (2) | |

## GOVERNMENT'S MOTION
## FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America ("the government") requests entry of a preliminary order of forfeiture, and in support, states:

### I. BACKGROUND

1. The defendants, Felix Cantu and Gilberto Gomez were charged in a Seven Count superseding indictment, in violations of 21 U.S.C. §§ 846 and 841; and 18 U.S.C. § 924(c)(1)(A)(i) and notified the defendants that upon conviction, the government will seek to forfeit:

   1. Glock pistol, bearing serial number NNN153;

   2. Glock pistol, bearing serial number PVL816;

   3. Taurus pistol, bearing serial number TCU81879;

   4. Smith and Wesson pistol, bearing serial number 13D6772;

   5. RG Derringer pistol, bearing serial number N201518;

   6. Fed Arms rifle, bearing serial number 005724;

   7. MAK90 rifle, no visible serial number, recovered March 1, 2016;

8. any ammunition, magazines, and/or accessories recovered with the firearms

9. The real property located at located at 3907 Palacios, Dallas, Texas ("the property"). *See* Superseding Indictment (doc 43).[1]

2. A jury convicted both defendants on all seven counts of the superseding indictment. Based upon the defendants guilty verdict and notice of forfeiture, the government has established the requisite nexus between the property and counts of conviction. Accordingly, the property is subject to forfeiture to the government. *See* Jury Verdict (doc. 91).

## II. AUTHORITIES

3. The court's jurisdiction is based on 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure.

4. Pursuant to 21 U.S.C. § 853, any person convicted of a violation of Title 21, Chapter 13, Subchapter I or II, punishable by imprisonment for more than one year shall forfeit to the Government (a) any property constituting or derived from proceeds the person obtained, directly or indirectly, as a result of that violation and (b) any of the person's property used, or intended to be used, in any manner to part, to commit, or to facilitate the commission of, the violation.

## III. ARGUMENT

5. Based upon the evidence provided at trial, which lead to the jury convicting Felix Cantu and Gilberto Gomez, the government has established the requisite nexus

---

1. [1] Local authorities have forfeited the $37,229 in U.S. Currency listed in the Superseding Indictment; therefore, the government will not seek forfeiture for this property.

**USA Motion for Preliminary Order of Forfeiture - Page 2**

between the property and the violations charged in the superseding indictment. Accordingly, the property is subject to forfeiture to the government.

6. In accordance with Fed. R. Crim. P. 32.2(b), if there is a finding property is subject to forfeiture, a preliminary order of forfeiture directing the forfeiture of that property shall be promptly entered without regard to any third party's interest in all or part of the forfeited property. A third party's interest is adjudicated in the ancillary proceeding under Rule 32.2(c).

7. Upon entry of the preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(3), the Attorney General will post notice of the forfeiture on an official government website (www.forfeiture.gov) for at least 30 consecutive days which describes the property with reasonable particularity; states the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed [no later than 60 days after the first day of publication on an official internet government forfeiture site]; and provides contact information for the government attorney to be served with the petition Asset Recovery Unit, U.S. Attorney's Office, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242. This notice shall also state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

8.      The government shall send, by means reasonably calculated to reach the person, direct written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the property in ancillary proceedings.

## IV. RELIEF

9.      Therefore, the government asks the court to enter a preliminary order forfeiting the property to the government and ordering the Drug Enforcement Administration and United States Marshal's Service to seize and maintain custody of the property and dispose of it in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

Respectfully submitted,

JOHN R. PARKER
United States Attorney

*/s/ Mark. J. Tindall*
MARK J. TINDALL
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
mark.tindall@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify I attempted to confer with defense counsel via email on June 16, 2017, but was unable to determine whether the defendants oppose the relief sought in this motion.

>   /s/ Mark. J. Tindall
>   MARK J. TINDALL
>   Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on June 16, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic filing" to counsel for defendants, who has consented in writing to accept this Notice as service of this document by electronic means.

>   /s/ Mark. J. Tindall
>   MARK J. TINDALL
>   Assistant United States Attorney