UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| **v.** | ) | **3:16 – CR – 00119– N** |
| | ) | |
| **GILBERTO GOMEZ,** | ) | |
|       Defendant. | ) | |
| | ) | |

### DEFENDANT GILBERTO GOMEZ – RESPONSE TO GOVT FORFEITURE MOTION

Counsel for Defendant states the following:

1. Counsel is familiar with Fifth Circuit law on forfeitures and understands that a different standard is used.
2. Counsel concedes that the jury returned an adverse jury verdict against Defendant.
3. However, Counsel would argue that there is an insufficient relationship or nexus between Defendant's property at 3907 Palacios and any drug offenses. Further, Counsel contends that this property was not used to facilitate any crime.
4. Equitably, Counsel would point out that testimony was given that Defendant received this property as a gift from his mother as well as the fact that Defendant was a landlord to the property and stayed with his common-law wife at a separate location.
5. Legally, Counsel would argue that Defendant should have a knowledge requirement and Due Process right accorded to him under *Elonis v. U.S.* 13-983, S.Ct (2015) in contradistinction to *U.S. v. Juluke*, 426 F.3d 323 (2006). Counsel believes that current case law now supports a 'knowledge or intent' requirement to provide for a forfeiture.

Respectfully Submitted,

By:/s/ Kirk F. Lechtenberger
KIRK F. LECHTENBERGER
Texas Bar No. 12072100

2525 McKinnon, Suite 420
Dallas, Texas 75201
O    214 / 871-1804
F    214 / 871-3033
E    kflechlawyer@gmail.com

**CERTIFICATE OF SERVICE**

    I, Kirk F. Lechtenberger, certify that on the date shown below, a true and correct copy of the foregoing Motion or List was sent / filed with the Court and the Assistant United States Attorney via ECF delivery.

    Date: 06/23/2017

/s/ Kirk F. Lechtenberger
Kirk F. Lechtenberger