# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | §<br>§<br>§<br>§ | |
| VS. | § | 3:16-CR-00119-N-2 |
| | §<br>§ | |
| GILBERTO GOMEZ,<br>    Defendant | §<br>§ | |

## PETITION OF DALLAS COUNTY, TEXAS, et al.
## FOR ADJUDICATION OF INTEREST IN PROPERTY
## 3907 Palacios Avenue, Dallas, Texas

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Dallas County, Texas, City of Dallas, Dallas County Community College, Dallas Independent School District, Parkland Hospital District, and Dallas County School Equalization Fund, ("Taxing Authorities"), Petitioners, and pursuant to 21 USC § 853(n) respectfully shows the Court the following:

1. The real property which is the subject of this action is described in the Government's Preliminary Order of Forfeiture (filed June 16, 2017) and identified as follows:

    The real property located at 3907 Palacios, Dallas, Texas

2. Petitioners are taxing units as defined by TEX. PROP. TAX CODE ANN. §1.04(12), and as such, levied ad valorem taxes. (*See* Exhibit 1, Tax Statements).

3. Taxing Authorities are political subdivisions of the State of Texas authorized to levy and collect ad valorem taxes on the subject property. Any offsets and credits existing against the amounts due will be allowed.

4. Section 32.01 of the Texas Property Tax Code creates a lien which perfects on January 1 of each tax year to the benefit of the Taxing Authorities to secure payment of *all* tax, penalty and interest imposed on the property. Those liens constitute valid, good faith interest in the subject property which are superior to all interest claimed by the owner and user of the property by virtue of TEX. PROP. TAX CODE ANN. §32.05.

5. Taxing Authorities interests in the subject property are not subject to forfeiture to the United States by reason of an act or omission of the property's owner or the Defendant because (1) the Taxing Authorities had no knowledge that the subject property was or would be involved in any violation of the law, (2) the Taxing Authorities had no knowledge of the particular violation which subjected the property to seizure and forfeiture, and (3) the Taxing Authorities had no knowledge that the user of the property had any record for violating laws of the United States or of any State for a related crime.

6. Taxing Authorities have taken all reasonable steps to prevent the illegal use of the subject property given it position as a unit of local government claiming statutory liens on the property.

WHEREFORE, PREMISES CONSIDERED, Taxing Authorities pray that the Court

  a. recognize the continued existence of and validity of the tax liens securing payment of the taxes, penalties and interest assessed by Taxing Authorities on the subject property;

  b. order that taxes, penalties and interest owing to the Taxing Authorities be paid from the proceeds of the sale after the expenses of preservation of the sale and prior to distribution to any other claimant; and

  c. for all further relief to which Taxing Authorities may be entitled.

Respectfully Submitted,

LORI GRUVER
ATTORNEY FOR TAXING AUTHORITIES

By: /s/ Lori Gruver
LORI GRUVER
State Bar No. 24007283
LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 693-0728 (Facsimile)

| STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority on this day personally appeared Lori Gruver, who being first duly sworn on oath deposed and said that she is the attorney for the Taxing Authorities as a partner in the law firm of Linebarger Goggan Blair & Sampson, LLP, and as such is authorized to make the foregoing petition on their behalf by virtue of a contract between the law firm and the Taxing Authorities for Collection of delinquent ad valorem taxes made pursuant to TEX. PROP. TAX CODE ANN. §6.30(c), that she has read the foregoing petition, has personal knowledge of each of the allegations set forth therein, and that each of those allegations is true and correct.

/s/ Lori Gruver
LORI GRUVER

SUBSCRIBED AND SWORN TO BEFORE ME, by the said Lori Gruver, this the 28th day of June, 2018, to certify which witness my hand and seal of office.



/s/ Lydia Verosky
Notary Public

## CERTIFICATE OF NON-CONFERENCE

I hereby certify that I did not confer with the US Attorney prior to filing the Petition herein. The Taxing Authorities are not opposed to the United States forfeiture of the subject property. Pursuant to 21 USC §853(n) they simply request that their lien be preserved and satisfied from the proceeds of any sale.

/s/ Lori Gruver
LORI GRUVER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed electronically and is to be served by electronic transmission to all parties on the court's electronic mailing matrix on June 28, 2018.

/s/ Lori Gruver
LORI GRUVER



**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

1201 Elm Street, Suite 2600
Dallas, Texas 75270
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

## TAX STATEMENT

GOMEZ GILBERTO
3703 PUEBLO ST
DALLAS, TX  75212-3532

Account: 00000691570000000
**Property Description:**
3907  PALACIOS AVE, DA
JOE A IRWIN 2
BLK 10/7163 LT 26
INT201100225463 DD08222011 CO-DC
7163 010  02600    2007163 010

Statement Date:   June 08, 2018

| Years | Base Tax Balance | 33.01 Penalty/Interest | Collection Fees | Total Due If Paid By JULY 02, 2018 |
|---|---|---|---|---|
| 2017 | 2,337.44 | 350.62 | .00 | 2,688.06 |

Taxing Jurisdictions included in this statement:
CITY OF DALLAS            DALLAS ISD
DALLAS COUNTY             PARKLAND HOSPITAL
DALLAS COUNTY COMMUNITY COLL    SCHOOL EQUALIZATION

IF YOU ARE 65 YEARS OF AGE OR OLDER OR ARE DISABLED, AND YOU OCCUPY THE PROPERTY DESCRIBED IN THIS DOCUMENT AS YOUR RESIDENCE HOMESTEAD, YOU SHOULD CONTACT THE APPRAISAL DISTRICT REGARDING ANY ENTITLEMENT YOU MAY HAVE TO A POSTPONEMENT IN THE PAYMENT OF THESE TAXES.

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| JULY 02, 2018 | $2,688.06 |
| JULY 31, 2018 | $3,309.81 |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

Account: 00000691570000000

2      000000000006090105070000000000000000000002688069

**Remit To:**
JOHN R. AMES, CTA
P O Box 139066
Dallas, Texas 75313-9066

| Total Due If Paid By | |
|---|---|
| JULY 02, 2018 | $2,688.06 |
| JULY 31, 2018 | $3,309.81 |

GOMEZ GILBERTO
3703 PUEBLO ST
DALLAS, TX  75212-3532

EXHIBIT _____

Page ___ of ___

v35.1.26

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | § § § | |
| VS. | § § § § | 3:16-CR-00119-N-2 |
| GILBERTO GOMEZ,<br>    Defendant | § § | |

## ORDER FOR ADJUDICATION OF INTEREST IN PROPERTY
### 3907 Palacios Avenue, Dallas, Texas

On this day, came on to be considered the Petition of Dallas County, Texas, City of Dallas, Dallas County Community College, Dallas Independent School District, Parkland Hospital District, and Dallas County School Equalization Fund ("Taxing Authorities"), for adjudication of interest in property. The Court is of the opinion that the Petition states sufficient facts to support the Taxing Authorities interest in the property as a valid interest not subject to forfeiture.

It is therefore, ORDERED that the interest of Dallas County, Texas, City of Dallas, Dallas County Community College, Dallas Independent School District, Parkland Hospital District, and Dallas County School Equalization Fund in the property located at 3907 Palacios Avenue, Dallas, Texas is valid and the Government shall pay the ad valorem taxes, penalty and interest assessed on the property through the date of a final order of forfeiture together with interest as allowed by law.

_____                                    _____
Judge                                                                                           Date