IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,

v.

FELIX CANTU (1)
GILBERTO GOMEZ (2),

                Defendants,

and

DOLORES SANTOYA,

                Third-Party Petitioner.

NO.  3:16-CR-119-N

## GOVERNMENT'S MOTION TO DISMISS DOLORES SANTOYA'S PETITION

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Mark J. Tindall*
MARK J. TINDALL
Assistant United States Attorney
Texas State Bar No. 24071364
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8700
Facsimile: 214-659-8803
mark.tindall@usdoj.gov

TABLE OF CONTENTS

I.     Procedural History ............................................................................... 1

       A.  The court properly forfeited defendant Gilberto Gomez's interest in the

           real property............................................................................... 1

       B.  Santoya filed a petition to claim an interest in 3907 Palacios.................. 2

II.    Authorities............................................................................................ 3

       A.  Motion to dismiss standard for ancillary proceedings in criminal

           forfeiture..................................................................................... 3

       B.  Statutory standing required to challenge forfeiture................................ 4

III.   Argument ............................................................................................. 5

       A.  Santoya's petition should be dismissed for failure to state a claim. .......... 5

       B.  Santoya's petition should be dismissed because general unsecured

           creditors lack standing to assert an interest in specific property............... 7

           1.  Santoya fails to establish that she held superior title to the property  8

           2.  Santoya does not qualify as a bona fide purchaser........................... 9

IV.    Conclusion ......................................................................................... 10

V.     Certificate of Service ........................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                   **Pages**

*Pacheco v. Serendensky*, 393 F. 3d 348 (2d Cir. 2004) ...................................................... 4

*United States v. BCCI Holdings (Luxembourg), S.A.*,
916 F. Supp. 1276 (D.D.C. 1996)................................................................................. 5, 9

*United States v. Campos*, 859 F.2d 1233 (6th Cir. 1998)..................................................... 9

*United States v. Corpus*, 491 F. 3d 205 (5th Cir. 2007)................................................... 5, 8

*United States v. Ginn*, 799 F. Supp. 2d 645 (E.D. La. 2010) ............................................... 5

*United States v. Gomez*, 763 F. App'x 357 (5th Cir. 2019) ................................................. 2

*United States v. Holy Land Found. For Relief and Dev.*,
722 F. 3d 677 (5th Cir. 2013) ................................................................................ 3, 4 , 7

*United States v. Lavin*, 942 F.2d 177 (3d Cir. 1991)........................................................... 8

*United States v. Madoff*, No. 09-CR-213, 2012 WL 1142292 (S.D.N.Y. Apr. 3, 2012) .... 9

*United States v. Martinez*, 228 F. 3d 587 (5th Cir. 2000) ................................................... 5

*United States v. Meister*, No. 4-97-CR-120-G, slip op. at 12-14
 (N.D. Tex. May 18, 1999) ............................................................................................. 3

*United States v. Ribadeneira*, 105 F.3d 833 (2d Cir. 1997)............................................... 9

*United States v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121 (E.D.N.Y. 2006) ..................... 7

*United States v. Stewart*, 264 F.3d 1141 (5th Cir. 2001) .................................................... 9

*United States v. Stone*, 304 F. App'x 334 (5th Cir. 2008).................................................. 4

*United States v. Watkins*, 320 F.3d 1279 (11th Cir. 2003)................................................. 9

*United States v. White*, 306 F. App'x 838 (5th Cir. 2007) .............................................. 8, 9

**Statutes**

18 U.S.C. § 924(a) ................................................................................................ 1

21 U.S.C. § 853 ................................................................................................... 1

21 U.S.C. § 853(i)(1) ...........................................................................................3

21 U.S.C. § 853(k) ...............................................................................................3

21 U.S.C. § 853(n) ................................................................................2, 3, 5, 7, 8

21 U.S.C. § 853(n)(2) .......................................................................................... 8

21 U.S.C. § 853(n)(6) ........................................................................................7, 8

21 U.S.C. § 853(n)(6)(A) ..............................................................................1, 4, 7, 8

21 U.S.C. § 853(n)(6)(B) .................................................................................. 4, 7

**Rules**

Federal Rule of Criminal Procedure 32.2 ............................................................3

Federal Rule of Criminal Procedure 32.2(b)(3) .................................................2

Federal Rule of Criminal Procedure 32.2(c)(1)(A) ............................................1

Federal Rule of Civil Procedure 12(b) ...............................................................4

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 1

**Regulations**

Tex. Prop. Code § 52.001 ...................................................................................6

Third-party petitioner Dolores Santoya filed a petition for remission of the forfeiture claiming an ownership interest in the real property at 3907 Palacios, Dallas, Texas. *See* Petition (Dkt. 143). The United States of America (the government) moves pursuant to 21 U.S.C. §§ 853(n)(3) and 853(n)(6)(A), Federal Rule of Criminal Procedure 32.2(c)(1)(A), and Federal Rule of Civil Procedure 12(b)(6), to dismiss her claim for lack of standing and failure to state a claim. In support of its motion, the government states:

## I.      PROCEDURAL HISTORY

### A.      The court properly forfeited defendant Gilberto Gomez's interest in the real property.

On December 20, 2016, a grand jury returned a superseding indictment charging defendants Felix Cantu and Gilberto Gomez with drug and firearm charges. *See* Superseding Indictment (Dkt. 43). The indictment provided notice that upon conviction, pursuant to 18 U.S.C. § 924(a) and 21 U.S.C. § 853, the government would seek to forfeit the defendants' interest in any and all property, real or personal, constituting or derived from, directly or indirectly, as a result of the offenses listed in Counts One through Eight or to facilitate the commission of the offenses. *Id.* This forfeiture notice included the real property located at 3907 Palacios, Dallas, Texas more specifically described as: "Lot Twenty-Six, (26), Block 10/7163, of the Joe A. Irwin Addition #2 to the City of Dallas, Texas, as described in Plat recorded in Volume 9, Page 11, Plat Records, Dallas County, Texas and being that same property conveyed on 2/4/77 to Grantors herein Willie Ramirez Santoya, in Volume 77040, Page 1338." *Id.*

**Government's Motion to Dismiss Dolores Santoya's Petition– Page 1**

On March 22, 2017, a jury convicted Gomez of Counts One, Two, Three, Four, Five, and Seven of the superseding indictment. *See* Verdict (Dkt. 91). Based upon this verdict, the government filed a motion to forfeit Gomez's interest in the property included in the superseding indictment. *See* Motion for Preliminary Order of Forfeiture (Dkt. 111).

During the sentencing hearing, the government addressed its motion for forfeiture. (Dkt. 112). After the hearing, Gomez filed a response opposing the government's motion to forfeit 3907 Palacios. The court granted the government's forfeiture motion and divested Gomez's right, title, and interest in all property listed in the superseding indictment, including the real property located at 3907 Palacios, Dallas, Texas. *See* Preliminary Order of Forfeiture (Dkt. 138). Gomez appealed this preliminary forfeiture order. *See* Notice of Appeal (Dkt. 140). The Fifth Circuit issued a *per curiam* opinion denying Gomez's appeal and affirming the forfeiture order. *United States v. Gomez*, 763 F. App'x 357 (5th Cir. 2019).

The United States, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(3), posted notice of the forfeiture on an official government website (www.forfeiture.gov) for at least 30 consecutive days beginning on May 17, 2018. *See* Notice of Publication (Dkt. 141 and 141-1). The government received one petition filed by Gomez's mother, Dolores Santoya. *See* Petition (Dkt. 143).

**B.      Santoya filed a petition to claim an interest in 3907 Palacios.**

On June 21, 2018, Santoya filed a petition for remission form with a cover sheet labeling it a "lien on property." (*Id.*). Although Santoya filled out the section titled

**Government's Motion to Dismiss Dolores Santoya's Petition– Page 2**

"Victim Petition," she does not contend that she was a victim of the criminal offense

underlying the forfeiture or a victim of a related offense.  *Id.* page 4.  In her claim, she

asserts that she "always paid the property taxes and have made countless home

improvements, and incurred maintenance fees."  *Id.*  She further claims that she

"purchased this house from my Aunt and gifted it to my son, Gilberto Gomez."  *Id.* page

5.  Santoya claims she has a $45,000 lien: (1) $15,000 in property taxes, (2) $25,000 in

repairs; and (3) $5,000 from theft due to break-ins at the property.  Therefore, it is more

appropriate to construe her pro se pleading as an attempt to establish an ownership

interest in the property.[1]  However, her claim is insufficient to rise to an ownership

interest, and the court should dismiss it without a hearing.

## II.    AUTHORITIES

### A.    Motion to dismiss standard for ancillary proceedings in criminal forfeiture.

Section 853 sets forth the exclusive remedy for asserting and adjudicating third-

party claims to property forfeited from defendants in federal criminal cases.  *United*

*States v. Holy Land Found. For Relief and Dev.,* 722 F. 3d 677, 684 (5th Cir. 2013).  Any

other actions at law or equity are barred.  *See* 21 U.S.C. § 853(k).  Federal Rule of

Criminal Procedure 32.2 and 21 U.S.C. § 853(n) govern ancillary proceedings in criminal

---

[1] Congress authorized the Attorney General to "grant petitions for mitigation or remission of forfeiture" and therefore it would not be appropriate for this Court to adjudicate a petition for remission.  21 U.S.C. § 853(i)(1).  *See United States v. Meister*, No. 4-97-CR-120-G, slip op. at 12-14 (N.D. Tex. May 18, 1999) (explaining that innocent victims who record judgment liens are not bona fide purchasers so their remedy is to file remission petitions).

judicial forfeiture actions.  Rule 32.2(c)(1)(A) permits a court to dismiss petitions for lack of standing or failure to state a claim.

Courts treat motions to dismiss third-party petitions in ancillary proceedings like Federal Rule of Civil Procedure 12(b) motions.  *See United States v. Stone*, 304 F. App'x 334, 336 (5th Cir. 2008) (citing *Pacheco v. Serendensky*, 393 F. 3d 348, 352 (2d Cir. 2004) (noting motions to dismiss third party claims in ancillary proceedings are like Rule 12(b) motions in a civil case where all allegations in the petition are assumed to be true, and the petition may be dismissed only if it is clear that no relief could be granted any set of facts that could be proved consistent with the petitioner's allegations)).

**B.    Statutory standing required to challenge forfeiture.**

To successfully challenge the forfeiture of specific property in an ancillary proceeding, a third party must establish by a preponderance of evidence that they had "a legal right, title, or interest in the property" that "vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section."  21 U.S.C. § 853(n)(6)(A).  Or the petitioner must establish that she is "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section."  21 U.S.C. § 853(n)(6)(B).

The ancillary proceeding only allows a petitioner "to establish his/her interest in the forfeited property as it compares to the interest of the government and other petitioners."  *Holy Land Found.*, 722 F. 3d at 684.  A hearing is only necessary to resolve

disputed facts.  No hearing is necessary where the court can dismiss the claim on the pleadings for lack of standing or failure to state a claim.  Moreover, if a petitioner's claim lacks merit as a matter of law, it can be disposed of on a motion to dismiss or for summary judgment.  *United States v. Corpus*, 491 F. 3d 205, 209 (5th Cir. 2007); *United States v. Martinez*, 228 F. 3d 587, 589 (5th Cir. 2000).

### III.   ARGUMENT

The government moves to dismiss Santoya's petition under 21 U.S.C. § 853(n) because (1) she fails to state a claim; and (2) she lacks standing to contest the forfeiture.

**A.     Santoya's petition should be dismissed for failure to state a claim.**

Santoya failed to comply with the pleading requirements of 21 U.S.C. § 853(n)(3). As stated in the court's preliminary order of forfeiture and the notice provided by the government, third parties making claims to property forfeited from a criminal defendant must file a petition that sets forth:

- the nature and extent of the petitioner's right, title, or interest in the property;

- the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and

- any additional facts supporting the petitioner's claim, and the relief sought.

*See* 21 U.S.C. § 853(n)(3).  The failure to provide such information in the petition justifies dismissing the claim.  *See United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) ("[F]ailure to provide sufficient detail regarding nature of petitioner's interest as required by § 853(n) provides grounds for dismissal."); *United States v. BCCI Holdings (Luxembourg), S.A.*, 916 F. Supp. 1276, 1282 (D.D.C. 1996) (noting that "if a

Government's Motion to Dismiss Dolores Santoya's Petition– Page 5

third party fails to allege in its petition all elements necessary for recovery . . . the court may dismiss the petition without providing a hearing").

Santoya's petition fails to provide basic information about her purported interest or allege facts required to state a viable claim to the specific property forfeited from Gomez. Santoya's petition claims she has a $45,000 lien based on paying $15,000 in property taxes, paying $25,000 in repairs, and losing $5,000 from theft at the property. *See* Petition (Dkt. 143). She did not provide any documents supporting this "lien." Rather, Santoya contends that "I have always paid the property taxes and have made countless home improvements, and incurred maintenance fee . . . I purchased this house from my Aunt and gifted it to my son, Gilberto Gomez." *Id.*

Although labeling her pleading a "Lien on Property," Santoya does not provide any documents to support a lien, such as a judgment.[2] To attach a judgment to property, the judgment creditor must comply with the statutory mechanisms provided for creating judgment liens to acquire a lien on real property owned by the judgment debtor. *See generally* Tex. Prop. Code § 52.001 *et seq.* Not only does Santoya fail to provide any evidence of a judgment lien, but also she does not claim that Gomez owes her money for these incurred costs. In essence, Santoya concedes that she gave the property to her son, paid for various costs associated with the property, but has not sought recovery from Gomez. She does not provide any evidence to support these incurred costs. Now she

---

[2] When the government ran a title search, it found a "Claim of Lien" Santoya filed on April 7, 2017, for $24,500, after Gomez's conviction. Santoya never provided a copy of this lien to the Court or the government, nor has she provided any evidence to support the lien's validity.

**Government's Motion to Dismiss Dolores Santoya's Petition– Page 6**

seeks an equitable interest that runs with the property after the Court forfeited Gomez's

interest in the property.

Santoya does not provide receipts or other documents to corroborate her alleged

expenses.  According to title records, Gomez has owned the home since 2011, before the

criminal case commenced.  *See* Title Report (Exhibit 1).  As a result, Santoya has failed

to satisfy § 853(n)'s pleading standards, and the Court should dismiss her petition.[3]

> **B.     Santoya's petition should be dismissed because general unsecured creditors lack standing to assert an interest in specific property.**

In addition to satisfying the pleading standards, the petitioner must demonstrate

she has standing to contest the forfeiture in this ancillary proceeding.  *Holy Land Found.,*

722 F.3d at 684-85.  To prevail, a third party who contests the criminal forfeiture of

property must show either a legal interest in the property that is superior to the

defendant's at the time the acts giving rise to forfeiture occurred, or status as a bona fide

purchaser for value without cause to believe that the property was subject to forfeiture.

21 U.S.C. §§ 853(n)(6)(A), (B).

Santoya's petition does not allege which prong of Section 853(n)(6) affords her

relief.  *See* Petition (Dkt. 143).  It is unclear whether Santoya claims that she had superior

title to the government at the time the acts giving rise to forfeiture occurred, or she was a

bona fide purchaser for value without reasonable cause to know that property was subject

---

[3] Although a petitioner must strictly comply with § 853(n)'s pleading requirements, courts have the discretion to allow a petitioner to amend her petition in an effort to enable her to comply.  *United States v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121, 123 (E.D.N.Y. 2006).  Any amendment here, however, would prove futile because Santoya would still lack standing.

to forfeiture.  However, her petition fails under either prong, and the Court should

dismiss it.

> **1.      Santoya fails to establish that she held superior title to the property.**

To prevail under the superior title exception, a petitioner must show that her

interest in the property was superior to the defendant's interest at the time of the

commission of the act giving rise to the forfeiture. 21 U.S.C. § 853(n)(6)(A).  Santoya's

petition admits that she gave the property to her son, so she rescinded her legal interest.

Although she claims she incurred costs associated with the property, she never filed a lien

for those costs.  While the forfeiture may negatively affect Santoya, she cannot show she

is entitled to relief.  "Congress did not intend § 853(n) to serve as a vehicle by which all

innocent third parties who are aggrieved by an order of criminal forfeiture can petition for

judicial relief." *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991).  Instead, a

person must assert a "legal interest in the property which has been ordered forfeited."  21

U.S.C. § 853(n)(2).  The "legal interests" that are recognized in an ancillary proceeding,

however, are limited to two narrow circumstances under 21 U.S.C. § 853(n)(6).  *United

States v. White*, 306 F. App'x 838, 839 (5th Cir. 2007).

Santoya claims that she is entitled to $45,000 because she paid for maintenance

and property taxes on the property.  *See* Petition (Dkt. 143).  But Santoya failed to secure

her debts, if any, by the specific property.  *Id.*  And not every creditor of a criminal

defendant has standing to pursue a claim in an ancillary proceeding.  *Corpus*, 491 F.3d at

211 (affirming dismissal of petition under § 853(n)(6)(A) where claimants were neither

judgment nor lien creditors at the time of transfer, but merely unsecured creditors with a

pending breach of contract claim).

### 2.      Santoya does not qualify as a bona fide purchaser.

To prevail as a bona fide purchaser, a petitioner must show that she gave value to

acquire the right, title, or interest in the forfeited property, and at the time of purchase,

she was reasonably without cause to believe that the property was subject to forfeiture.

*White*, 306 F. App'x at 339; *United States v. Stewart*, 264 F.3d 1141 (5th Cir. 2001).

Courts have consistently held that general unsecured creditors do not meet bona fide

purchaser status, and without an identifiable legal interest in the particular assets subject

to forfeiture, they lack standing to pursue claim in ancillary proceeding.  *See, e.g.*, *United*

*States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997); *United States v. Campos*, 859

F.2d 1233, 1238 (6th Cir. 1998); *BCCI Holdings*, 46 F.3d at 1191-92; *United States v.*

*Watkins*, 320 F.3d 1279, 1281 (11th Cir. 2003); and *United States v. Madoff*, No. 09-CR-

213, 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012).

At best, Santoya is an unsecured creditor against Gomez for the costs she incurred

related to the property.  But she failed to provide evidence to support these costs, and she

failed to reduce these debts to a judgment lien and attach them to the property.

**Government's Motion to Dismiss Dolores Santoya's Petition– Page 9**

## IV. CONCLUSION

Santoya does not have a legal interest in the property. She concedes she gave it to her son before he used it to facilitate drug trafficking. While she may have incurred costs associated with the property, her remedy is to seek these costs from Gomez. For the foregoing reasons, the government moves to dismiss Santoya's petition for failure to state a claim and lack of standing.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY


*/s/ Mark J. Tindall*
MARK J. TINDALL
Assistant United States Attorney
Texas State Bar No. 24071364
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8700
Facsimile: 214-659-8803
mark.tindall@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on June 25, 2019, I electronically filed this document with the Clerk

for the U.S. District Court, Northern District of Texas, using the electronic case filing

system of the Court.  The electronic case filing system sent a "Notice of Electronic

Filing" to all persons/parties who have consented in writing to accept this notice as

service of this document by electronic means.

                                        */s/ Mark J. Tindall*
                                        MARK J. TINDALL
                                        Assistant United States Attorney