IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:16-CR-119-N |
| GILBERTO GOMEZ (02) | |

### STIPULATION REGARDING PETITION OF DALLAS COUNTY, TEXAS, et al.

The United States of America and the Claimants: Dallas County, Texas; City of Dallas; Dallas County Community College; Parkland Hospital District; Dallas County School Equalization Fund, and Dallas Independent School District (collectively "Claimants"), stipulate and agree as follows:

1. On May 15, 2018, the court entered a Preliminary Order of forfeiture forfeiting various properties to the United States including:

   a) The real property located at 3907 Palacios, Dallas, Texas;

(the "Subject Property"). (Dkt. No. 138).

2. On June 28, 2018, the Claimants filed a Petition of Dallas County, Texas, et al. For Adjudication of Interest in Property seeking recovery of taxes, penalties, and interest due on the Subject Property ("Petition"). (Dkt. No. 144).

3. Claimants are political subdivisions of the State of Texas authorized to levy and collect ad valorem taxes on the subject property. As taxing units under Tex. Tax Code Ann. § 1.04(12) (West), Claimants have levied ad valorem taxes on the Subject Property. Tex. Tax Code Ann. § 32.01 creates a lien in favor of Claimants on January 1 of each year for all taxes,

**Stipulation of Forfeiture – Page 1**

penalties, and interest ultimately imposed on the Subject Property.

4. As of January 7, 2021, Claimants' lien amounts to $19,444.46, which includes taxes, penalties, and interest owed for tax years 2017, 2018, 2019, and 2020.

## Agreement of the Parties

5. The Parties agree to fully resolve by this agreement all issues raised by Claimants' Petition and its claims to the Subject Property.

6. Claimants have established that they have a valid right, title, or interest in the Subject Property pursuant to 21 U.S.C. § 853(n)(6), based upon their tax liens and having no knowledge of the Subject Property's connection to the defendant's criminal offenses.

7. Claimants agree to the entry of a final order of forfeiture that forfeits all right, title, and interest in the Subject Property to the United States.

8. Upon the closing of the sale of the Subject Property pursuant to a final order of forfeiture, the United States will first pay any and all costs of sale, including real estate commissions, escrow fees, document recording fees not paid by the buyer, title fees, county/city transfer fees, and all other costs and expenses that the United States Marshals Service ("USMS") has incurred in connection with its custody, management, maintenance, repair, and sale of the Subject Property. After deductions for cost of sale and to the extent sufficient proceeds remain, the United States agrees to pay to Claimants from the remaining proceeds of the sale all taxes, penalties and interest that have accrued on and attached to the Subject Property, as provided in Paragraph 9.

9. The payments to Claimants shall include:

    a. The amounts specified in Paragraphs 4;

    b. Additional taxes not already paid that have accrued and attached to the Subject Property as authorized by Texas law up to the date the final order of forfeiture is entered.

    c. Additional interest and penalties not already paid that have accrued and attached to the Subject Property as authorized by Texas law up until the date that Claimants' lien is satisfied.

  10. Payment to Claimants is conditioned upon the United States prevailing in the criminal forfeiture proceeding, including against any contested claims, and closing on the sale of the Subject Property.

  11. Claimants agree to apply any applicable offsets and credits existing against the amounts due.

  12. Claimants understand and agree that by entering into this agreement of its interest in the Subject Property, they waive any rights to litigate against the United States their interest in the real property and to petition for remission or mitigation of the forfeiture. Unless specifically directed by order of the court, Claimants waive further participation in this criminal forfeiture proceeding.

  13. Claimants understand and agree that the United States reserves the right to void this agreement and terminate the forfeiture action of the Subject Property. If the United States does so, it will notify the Claimants within two weeks of taking such action. Such a termination of the forfeiture will not be a basis for any award of attorney fees.

14. Claimants agree to the entry of an interlocutory sale order consistent with the terms of this agreement.

15. Each party agrees to bear its own costs and attorneys' fees.  Except as provided herein, Claimants agree to waive all attorneys' fees under 28 U.S.C. § 2465 or other provision of law in relation to this matter.

16. For purposes of construction, this stipulation shall be deemed to have been drafted by all parties to this stipulation and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

17. This written stipulation constitutes the entire agreement between the Parties, and supersedes and replaces all prior negotiations and agreements, whether written or oral, regarding this forfeiture action and any claim Claimants may have in this action.

18. No modification of this agreement is effective unless in writing and signed by all parties.

19. This stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same stipulation.

20. This stipulation is effective on the date of the last signatory it.  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this stipulation.

21. The attorney(s) signing this stipulation on behalf of Claimants warrants and represents that Claimants have authorized him and/or her to execute this stipulation on behalf of Claimants.

STIPULATED AND AGREED:

Date: 1/7/2021                                    ERIN NEALY COX
                                                  United States Attorney


                                                  *Travis Elder*
                                                  _____
                                                  By: Travis K. Elder
                                                  Assistant United States Attorney
                                                  Utah Bar No. 11987
                                                  1100 Commerce St., Third Floor
                                                  Dallas, TX 75242-1699
                                                  T: 214-659-8600 | F: 214-659-8812
                                                  travis.elder@usdoj.gov


Date: 1/7/2021                                    *Douglas Steven Bird*
                                                  Steve Bird
                                                  Texas State Bar No. 02331330
                                                  LINEBARGER GOGGAN
                                                  BLAIR & SIMPSON, LLP
                                                  P.O. Box 17428
                                                  Austin, TX 78760
                                                  T: (512) 447-6675 | F: (512) 447-3923


**Stipulation of Forfeiture – Page 5**