IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

GILBERTO GOMEZ (02)

NO. 3:16-CR-119-N

## MOTION FOR INTERLOCUTORY SALE ORDER

Pursuant to Fed. R. Crim. P. 32.2(b)(7) and 21 U.S.C. § 853(e), the United States of America moves this Court for an order authorizing the immediate interlocutory sale of the real property located at 3907 Palacios, Dallas, Texas ("Subject Property"). The government has incurred $40,996 in expenses and is incurring about $1200 per month in expenses related to the Subject Property. An order allowing interlocutory sale is necessary to avoid waste and depreciation of the forfeiture. In support:

### BACKGROUND

1.     On May 15, 2018, the court entered a Preliminary Order of forfeiture forfeiting various properties to the United States including the Subject Property. (Dkt. No. 138.)

2.     On May 30, 2018, Gomez appealed the preliminary forfeiture order. (Dkt. 140.) The Fifth Circuit issued a per curiam opinion denying Gomez's appeal and affirming the forfeiture order. (*United States v. Gomez*, 763 F. App'x 357 (5th Cir. 2019).

3.      On June 21, 2018, Dolores Santoya filed a claim to the Subject Property asserting a lien on the property.  (Dkts. 142 and 143.)  On June 25, 2019, the United States moved to strike her claim.  (Dkt. 166.)  The motion to strike remains pending.  In December and again on January 8, 2021, counsel for the government attempted to contact Ms. Santoya at the number listed in her petition to get her position on this motion.  (Declaration of Travis K. Elder ¶ 3, attached as Exhibit A.)  She has not responded.  (*Id.*)

4.      On June 28, 2018, the Dallas County, Texas; City of Dallas; Dallas County Community College; Parkland Hospital District; Dallas County School Equalization Fund, and Dallas Independent School District (collectively "Taxing Authorities") filed a Petition of Dallas County, Texas, et al. For Adjudication of Interest in Property seeking recovery of taxes, penalties, and interest due on the Subject Property ("Petition").  (Dkt. No. 144).  On January 7, 2021, the United States filed a stipulation with the Taxing Authorities to pay taxes, penalties, and interest owed on the property.  (Stipulation, Dkt. 172.)  As of January 7, 2021, this amounted to $19,444.46, which will continue to increase until the property is sold or a final order of forfeiture is entered.  As of February 28, 2021, the amounted owed will be $19,835.  Elder Decl. at ¶ 4.  The Taxing Authorities agreed to the entry of an interlocutory sale order that recognized its interest.  Stip. ¶ 14, Dkt. 172.)

5.      On August 12, 2020, Gomez filed a motion to vacate under 28 U.S.C. § 2255 in *Gomez v United States*, No. 3:20-CV-2142.  It is unknown when that matter will be resolved.

6.     Former forfeiture counsel in this matter Greg Martin, informed current forfeiture counsel that one of the roadblocks to resolving this case was a pending motion for new trial.  Elder Decl. at ¶ 5.  Gomez filed a motion for new trial on April 10, 2017. (Dkt. 93.)

7.     As of January 8, 2021, the government has incurred $21,525 in expenses related to the Subject Property and will continue to accrue approximately $800 a month. Part of this expense is necessary due to break ins at the property, which is vacant.  *See* Elder Decl. at ¶ 6.  Ms. Santoya noted that some of the expenses she is seeking related to the property also involve break ins.  (*See* Pet. 5, Dkt. 143.)

8.     The titled owner of the Subject Property is Gomez.  Elder Decl. at ¶ 7.  The only known third-party interest in the Subject Property is a Claim of Lien filed by Dolores Santoya on April 7, 2017, for labor and services of $24,500 (document 201700098669).  (Ex. B.)   This amount is for repairs and is one of the items Ms. Santoya is seeking in her petition.  (Pet. 5, Dkt. 143.)

9.     The most recent valuation of the property, done in 2018, is $143,000. (Elder Decl. at ¶ 7.)

**ARGUMENT**

Under 21 U.S.C. § 853(e), "upon application of the United States, the court may . . . take any other action to preserve the availability of property" subject to forfeiture. (*See United States v. Gianelli*, 594 F. Supp. 2d 148, 150 (D. Mass. 2009) (Section 853(e) authorizes the court to "take any . . . action to preserve the availability of

Page **3** of **9**

property" subject to forfeiture; interlocutory sale necessary to preserve equity in property for forfeiture).)

Additionally, Fed. R. Crim. P. 32.2(b)(7) provides that "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."

Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, authorizes a court to order the interlocutory sale of all or part of a property subject to a pending asset forfeiture action if certain conditions are met.  These conditions include:

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

(Rule G(7)(b)(i).)  The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates. (Rule G(7)(b)(ii).)

The government has so far incurred expenses totaling $40,996 in expenses and will continue to incur about $1200 per month in expenses related to the Subject Property. This total includes almost $20,000 in past due property taxes, which have not be paid between 2017 and 2020.  Some of the costs also stem from break ins at the Subject Property, which has been vacant.  It is unknown when the 2255 proceeding or the motion

for new trial will be resolved.  An interlocutory sale will allow the government to sell the property and preserve the proceeds until a final order of forfeiture can be entered.  *See United States v. Any and All Funds in UBS AG*, 628 Fed. Appx. 296 (5th Cir. 2016) (district court did not abuse its discretion in approving the interlocutory sale of an airplane under Rule G(7)(b)(i) that was depreciating and incurring excessive storage costs, even though the sale realized less than the parties assumed was its fair market value).

The United States also requests that it be allowed to sell the property free and clear of Ms. Santoya's lien.  Even though the motion to strike remains pending, this will allow the government to sell the property.  In the event Ms. Santoya prevails on her petition, the court can order the United States to satisfy her lien from the interlocutory sale proceeds. Other courts have ordered an interlocutory sale during the pendency of third-party claim proceedings.  *United States v. Pelullo*, 178 F.3d 196, 198-99 (3d Cir. 1999) (district court may order interlocutory sale of property while ancillary proceeding is pending so that the Government does not accrue additional tax and interest liabilities); *United States v. BCCI Holdings (Luxembourg) S.A. (Final Order of Forfeiture and Disbursement)*, 69 F. Supp. 2d 36, 44-45 (D.D.C. 1999) (property subject to third party claim can be sold during ancillary proceeding if court issues order to show cause why sale should not go forward and no party objects to the sale).

If the sale is uncontested, the parties may agree to the procedures and conditions of the sale.  Supp. R. G(7)(b)(iii).  If a court orders an interlocutory sale of properties

over the objection of any interested party, the sale must comply with the provisions of 28 U.S.C. §§ 2001 (sale procedures), 2002 (notice requirements), and 2004 (sale of personal property).[1]  Supp. R. G(7)(b)(iii).

These statutes provide procedural safeguards to ensure that court-ordered sales are made on terms that best preserve the parties' interests.  Section 2001(a) authorizes public sales of property and sales by court-appointed receivers.  Section 2001(b) permits private sales of property for cash or other consideration after a hearing of which notice to all interested parties shall be given by publication, or as otherwise directed by the court, and after the court finds that the best interests of the estate will be conserved thereby.

The United States proposes that the United States Marshals Service ("USMS") sell the Subject Property pursuant to the following terms:

a.  The USMS, including any contractor retained by the USMS, may sell the Subject Property according to its policies, practices, and procedures.  The USMS has sole discretion to decide the logistics of the sale, including but not limited to, the timing and process.

b.  The net proceeds from the sale of the Subject Property will include all money realized from the sale of the property, less the following:

---

[1] While sections 2001 and 2002 apply to the sale of real property, section 2004 makes procedures in those provisions applicable to the sale of personal property.

     i.  All costs of sale, including real estate commissions, escrow fees, document recording fees not paid by the buyer, title fees, county/city transfer fees, and all other costs and expenses that the USMS incurs in connection with its custody, management, maintenance, repair, and sale of the Property;

    ii.  All outstanding property taxes to the appropriate county assessor and tax collector, to the date of the entry of the final order of forfeiture, special assessments, and any other state governmental assessments imposed by statute including such amounts owed to the Taxing Authorities;

   iii.  Any condominium or homeowners' association charges and assessments; and

   iv.  Any other valid liens except the lien of Dolores Santoya.  The property shall be sold free and clear of the lien of Dolores Santoya.

c.  The USMS may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

d.  Under Rule G(7)(b)(iv) the sale proceeds will be a substitute res subject to forfeiture in place of the property or properties that are sold. The USMS

will hold the net proceeds in an interest-bearing account until further order of the court.

If the court orders the forfeiture of the sale proceeds, the proceeds will be disposed of as provided by law.  Rule G(7)(c).

## CONCLUSION

WHEREFORE, the United States moves that the Court enter the enclosed Order allowing interlocutory sale of the Subject Property pursuant to Rule 32.2(b)(7).

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY


*/s/  Travis K. Elder*
By: Travis K. Elder
Assistant United States Attorney
Utah Bar No. 11987
1100 Commerce St., Third Floor
Dallas, TX 75242-1699
T: 214-659-8600 | F: 214-659-8812
travis.elder@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing motion and proposed order were

mailed on or about the above file-stamped date to:

      Dolores Santoya
      3703 Pueblo St.
      Dallas, TX 75212

Otherwise, all other interested parties were served via the court's ECF system.

                    */s/ Travis K. Elder*
                    Assistant United States Attorney