IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:16-CR-119-N |
| GILBERTO GOMEZ (02) | |

## INTERLOCUTORY SALE ORDER

Based on the United States' Motion for Interlocutory Sale Order, and good cause appearing, the Court GRANTS the motion based on the following findings:

Pursuant to Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the court has the authority to order the interlocutory sale of property subject to forfeiture if the court finds that the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; the property is subject to a mortgage or to taxes on which the owner is in default; or the court "finds other good cause." Rule G(7)(b)(i). The court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e), which authorizes the court to "take any . . . action to preserve the availability of property" subject to forfeiture.

The following provides good cause for this order:

    a. Avoidance of continued expenses as set forth in the motion. These expenses include almost $20,000 in back due property taxes. Some of the

1

expenses were also necessary due to break ins at the property, which is vacant.

    b. The likelihood that a final order of forfeiture will not be able to be entered in this case for several months; and

    c. The preservation of value available for forfeiture that will result from allowing the interlocutory sale.

Accordingly,

IT IS HEREBY ORDERED:

1. The United States may sell real property located at 3907 Palacios, Dallas, Texas, and legally described as:

> Lot 26 in Block 10/7163 of the Joe A. Irwin Addition #2, in the City of Dallas, Texas, according to the Map thereof recorded in Volume 9, Page 31, Map Records of Dallas County, Texas;

("Subject Property").

2. The Subject Property shall be sold free and clear of any lien of Dolores Santoya, including a Claim of Lien for $24,500 filed on April 7, 2017, document 201700098669, in the public records of Dallas County, Texas.

3. The Subject Property shall be sold pursuant to the following provisions:

    a. The United States Marshals Service ("USMS"), including its contractors, may sell the Subject Property according to its policies, practices, and procedures. The USMS has sole discretion to decide the logistics of the sale, including but not limited to, the timing and process.

b. The net proceeds from the sale of the Subject Property will include all money realized from the sale of the property, less the following:

   i. All costs of sale, including real estate commissions, escrow fees, document recording fees not paid by the buyer, title fees, county/city transfer fees, and all other costs and expenses that the USMS incurs in connection with its custody, management, maintenance, repair, and sale of the Subject Property;

   ii. All outstanding property taxes to the appropriate county assessor and tax collector, special assessments, and any other state governmental assessments imposed by statute including such amounts owed to Dallas County, Texas; City of Dallas; Dallas County Community College; Parkland Hospital District; Dallas County School Equalization Fund, and Dallas Independent School District;

   iii. Any condominium or homeowners' association charges and assessments; and

   iv. Any other valid liens except the lien of Dolores Santoya. The property shall be sold free and clear of the lien of Dolores Santoya.

*- Continued Next Page -*

4. Under Rule G(7)(b)(iv), the net sale proceeds will be a substitute res subject to forfeiture in place of the Subject Property. The USMS will hold the net proceeds in an interest-bearing account pending further order of this court.

SO ORDERED this __28th__ day of March, 2022.

_____
DAVID C. GODBEY
United States District Judge