IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | No. 3:16-CR-119-N(2) |
| | § | |
| GILBERTO GOMEZ, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**ORDER**

By electronic order of reference dated December 8, 2022 (doc. 186), before the Court is the defendant's letter request for the appointment of counsel, received on February 1, 2021 (doc. 176). Based on the relevant filings and applicable law, the motion is **DENIED**.

After first being charged by complaint and indictment with a co-defendant, Gilberto Gomez (Defendant) was charged by superseding indictment on December 20, 2016, with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(A)(viii) (Count One); possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a), b(1)(A)(viii) and 18 U.S.C. § 2 (Count Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count Three); possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(C) and 18 U.S.C. § 2 (Count Four); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(C)(i) (Count Five); and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a), (b)(1)(D) (Count Seven). (*See* docs. 1, 16, 43.) A jury convicted him on all six counts. (*See* doc. 91.) By judgment dated June 20, 2017, he was sentenced to concurrent terms of imprisonment of 292 months on Counts One and Two, 240 months on Count Four, and 60 months on Count Seven, and to terms of imprisonment of 60 months on Count Three and 300 months on Count Five, to run

consecutively to his other counts for a total of 652 months' imprisonment, to be followed by a five-year term of supervised release. (*See* doc. 114 at 1-4.) His federal sentences were to run concurrently to any sentences imposed in four state court cases, and consecutively to any sentences imposed in two other state court cases. (*See id.* at 3.)

On February 1, 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] (*See* doc. 175.) The same day, his letter request for the appointment of counsel in connection with his compassionate release motion was received. (*See* doc. 176.) He seeks appointment of counsel because he is incarcerated and because he "is indigent and has no formal legal training and has submitted a compassionate release motion[.]" (*Id.* at 1.) Attached to his letter are an Individualized Needs Plan-Program Review and certificates he has received while incarcerated. (*See id.* at 2-23.)

The Supreme Court has held that there is no constitutional right to appointed counsel in post-conviction collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012) (finding no constitutional right to appointed counsel for post-conviction relief). To the extent that Defendant seeks appointment of counsel to seek relief under 18 U.S.C. § 3582, as amended by the First Step Act, the Fifth Circuit has found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (finding that § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding"

---

[1] Defendant also has a pending motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 challenging his criminal convictions and judgment in this criminal case. *See Gomez v. United States*, No. 3:20-CV-2142-N-BH (N.D. Tex. Aug. 12, 2020).

to justify appointment of counsel under 18 U.S.C. § 3006A)). Nevertheless, some courts have found that counsel may be appointed in the interests of justice. *See United States v. Delco,* No. 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020) (citing cases). Defendant's request for the appointment of counsel in connection with his motion for compassionate release under § 3582(c)(1)(A) presents "neither a discretionary nor ancillary matter under which a judge of this Court <u>may</u> determine that the interests of justice so require the appointment of counsel under the Court's CJA Plan." *United States v. Knox*, No. 3:12-cr-252-B (N.D. Tex. July 23, 2020), doc. 70 at 3.

Notwithstanding the lack of a constitutional or statutory right to the appointment of counsel, or other basis providing for the appointment of counsel, Defendant has also not shown that the appointment of counsel is warranted. The bases for his request for compassionate release are clear in his February 1, 2021 motion, and he has provided some evidentiary support for the relief sought. The appointment of counsel is therefore not warranted. *See id.* (citing *United States v. Hames*, No. 4:09-CR-39 (1), 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who was literate, completed high school, submitted well-reasoned, albeit ultimately unsuccessful brief, and provided no basis to suggest that appointment of counsel would help him obtain relief)).

The letter request for the appointment of counsel, received on February 1, 2021 (doc. 176), is **DENIED**. If it is later determined that additional briefing is required, the Court will revisit the question of appointment of counsel on its own motion.

**SO ORDERED on this 9th day of December, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE